[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13080
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-10028-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM J. BRITT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 14, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

William J. Britt appeals his 220-month imprisonment sentence following his guilty plea to receiving a visual depiction involving a minor engaged in sexually explicit conduct and possessing an unregistered firearm.  We affirm.

## I. BACKGROUND

In late October 2012, Britt's former landlord was helping him move, when the landlord saw discs and photographs that appeared to be child pornography.  On November 1, 2012, he contacted the Monroe County Sheriff's Office and provided four photographs and one CD as evidence.  Based on this evidence, an arrest warrant was issued, and law enforcement conducted a traffic stop on Britt's van on November 8, 2012.  Britt was arrested; he provided written consent for law enforcement to search his van.  Arresting officers found a hand gun and a "sawed off" shotgun, which was an unlawful length.  Britt cooperated with law enforcement and waived his *Miranda*[1] rights.  In a videotaped interview, he admitted to possessing child pornography.  He also consented to the search of his home, a recreational vehicle.  He helped investigators by showing them numerous computers, hard drives, and thumb drives containing child pornography and consented to the seizure of these items.

Britt was charged with receiving a visual depiction involving a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

(b)(1) (Count 1); knowingly possessing items containing visual depictions that had been transported in interstate commerce involving a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count 2); and possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5841 and 5861(d) (Count 3).  Britt pled guilty to Counts 1 and 3; the government dismissed Count 2.

After Britt pled guilty, he submitted the following statement regarding acceptance of responsibility, which the judge quoted at his sentencing:

> I once read that character is what one does when no one is looking.  I believe that adage is true.  I also believe that I have demonstrated poor character.  My actions have hurt the people and organizations I care deeply about.  However noble I considered my intent, that does not justify the fact that I have hurt those very people I was supposed to set the example for.  I hope that the subterfuge I used to maintain membership in those organizations I volunteered to assist will not reflect poorly on those organizations.  My participation was solely based on my actions and no fault of their fine institutions.  I dare not have the temerity to ask for forgiveness.  I can only hope that time can heal the damage I have caused.

ROA at 339-40.  Based in part on this statement, the probation officer recommended a § 3E1.1 reduction in Britt's offense level for acceptance of responsibility.  The officer also recommended a § 2G2.2(b)(5) sentencing enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor.

3

During Britt's sentencing hearing, a Federal Bureau of Investigation ("FBI") special agent testified, after Britt failed a polygraph examination, Britt told the agent he had engaged in inappropriate sexual contact with several children. In particular, Britt told the agent, while babysitting a boy who was three or four years old, Britt had touched the boy's bare penis and genital area in a sexual manner while bathing the boy. Britt also told the agent that, while cleaning a different three or four-year-old boy at a school where he assisted with special-needs students, Britt had touched the boy's bare penis and genital area in a sexual manner. Britt told the agent, after touching the boys, he had been sexually aroused and had masturbated.

Britt testified he never inappropriately touched young boys and never had been aroused sexually while cleaning or bathing children. He acknowledged, however, he later had become aroused and masturbated, while thinking about boys he had cleaned. Britt also apologized to the district judge and accepted full responsibility for collecting child pornography, but he denied he had done anything inappropriate to a child.

The district judge imposed the five-level, § 2G2.2(b)(5) sentencing enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor, and denied Britt's request for the § 3E1.1, three-level acceptance-of-responsibility reduction. The judge imposed a 220-month imprisonment sentence

4

for receiving a visual depiction involving a minor engaged in sexually explicit conduct, and a concurrent 120-month imprisonment sentence for possessing an unregistered firearm.

Britt raises three arguments on appeal: (1) the district judge clearly erred when he imposed a five-level sentencing enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor, under U.S.S.G. § 2G2.2(b)(5); (2) the district judge clearly erred, when he denied a reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1; and (3) his sentence is substantively unreasonable.

## II. DISCUSSION

A. <u>U.S.S.G. § 2G2.2(b)(5) Pattern-of-Activity Sentencing Enhancement</u>

We review a district judge's application of the Sentencing Guidelines de novo and factual findings for clear error. *See United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009). When a defendant challenges one of the factual bases of his sentence, the government bears the burden of establishing the disputed fact by a preponderance of the evidence, with reliable and specific evidence. *Id.*

The Guidelines require a five-level increase, if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. U.S.S.G. § 2G2.2(b)(5). The Guidelines commentary defines a pattern of activity as:

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the

5

abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

*Id.* § 2G2.2, cmt. n.1. "Sexual abuse or exploitation" is defined, as conduct described in 18 U.S.C. §§ 2241 and 2242. *Id.* Section 2241 prohibits engaging in a "sexual act" with another person under the age of 12. 18 U.S.C. § 2241(c). Section 2242 prohibits engaging in a "sexual act" with another person who is incapable of appraising the nature of the conduct. *Id.* § 2242(2)(A). The term "sexual act" for both statutes is defined to include "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(2)(D).

In reaching credibility determinations, we allot substantial deference to the factfinder, *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003), who personally observes witnesses' testimony and is in a better position than a reviewing court to assess credibility, *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). The resolution of a credibility dispute will not be reversed for clear error, unless the testimony is contrary to the laws of nature or is so inconsistent or improbable on its face that no reasonable factfinder could accept it. *Id.*

6

Britt has not shown the district judge clearly erred when he determined Britt had engaged in two or more separate instances of sexual abuse or exploitation of a minor. *See* 18 U.S.C. §§ 2241(c), 2242(2)(A), 2246(2)(D); U.S.S.G. § 2G2.2(b)(5) & cmt. n.1. At the time he was bathing or cleaning the boys, Britt argues he did not act with the intent to gratify himself sexually. The FBI agent, however, testified Britt told the agent he had touched two boys' bare penises in a sexual manner when the boys were under the age of 12 and had been sexually aroused and had masturbated after touching the boys. The district judge was entitled to credit the agent's testimony, which was not so inconsistent or improbable on its face that no reasonable factfinder could accept it. *See McPhee*, 336 F.3d at 1275; *Ramirez-Chilel*, 289 F.3d at 749.

B. <u>Acceptance of Responsibility under U.S.S.G. § 3E1.1</u>

Because of his observation of a defendant, a district judge's assessment of a defendant's acceptance of responsibility is entitled to great deference, and we review it only for clear error. *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005). We will not find clear error unless our review of the record leaves us with the "definite and firm conviction" that a mistake has been committed. *Gupta*, 572 F.3d at 887 (citation and internal quotation marks omitted).

7

Section 3E1.1 of the Sentencing Guidelines provides for a two-level reduction in the offense level of a defendant, who clearly demonstrates acceptance of responsibility for his offenses, with an additional one-level reduction possible if requested by the government. U.S.S.G. § 3E1.1. Although a guilty plea may be significant evidence of acceptance of responsibility, it may be outweighed by other conduct inconsistent with acceptance of responsibility. *Id.*, cmt. n.3; *Moriarty*, 429 F.3d at 1023. For example, a defendant who falsely denies relevant conduct that the judge determines to be true has acted inconsistently with accepting responsibility. U.S.S.G. § 3E1.1, cmt. n.1(A). Even though (1) the defendant admitted wrongdoing, (2) the presentence investigation report ("PSI") recommended the decrease, and (3) the defendant apologized to the judge and the victims at sentencing, we have affirmed a district judge's denial of a § 3E1.1 reduction where we concluded the entire record did not clearly establish the defendant's acceptance of responsibility. *See United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).

Britt has not shown the district judge clearly erred when he denied a § 3E1.1 reduction. First, the district judge was in the best position to observe Britt's demeanor during the proceedings and was uniquely situated to make findings regarding Britt's acceptance of responsibility. *See Ramirez-Chilel*, 289 F.3d at 749. The judge did not clearly err when he found the statement submitted by Britt

for his PSI acknowledged neither his wrongdoing nor the harm caused to the victims of his child pornography. Although Britt stated near the end of his sentencing hearing that he was sorry and accepted full responsibility for his actions, he also continued to deny conduct the judge already had found to have occurred. The district judge therefore was entitled to conclude Britt's conduct, including his denials of relevant conduct, was inconsistent with accepting responsibility. *See* U.S.S.G. § 3E1.1, cmt. n.1(A).

C. Substantive Reasonableness

We examine the substantive reasonableness of a sentence in view of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). A district judge is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment for the crime, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The party challenging the sentence has the burden of showing it is unreasonable. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).

The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district judge. *United States v. Williams*, 526 F.3d

1312, 1322 (11th Cir. 2008).  We will reverse only if left with the "definite and firm conviction" that the district judge committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation and internal quotation marks omitted).  A sentence imposed well below the statutory maximum is one indicator of a reasonable sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  Although we do not automatically presume a within-Guidelines sentence is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Tobin*, 676 F.3d 1264, 1310 (11th Cir.), *cert. denied*, 133 S. Ct. 658 (2012), *abrogated on other grounds as recognized in United States v. Castro*, 736 F.3d 1308, 1313-15 (11th Cir.), *petition for cert. filed*, No. 13-8080 (U.S. Dec. 24, 2013).  Consequently, a defendant, who was granted a significant downward variance, will find it difficult to establish his sentence was unreasonable.  *See Tobin*, 676 F.3d at 1310.

Britt has not met his burden of establishing his sentence is substantively unreasonable in light of the record and the § 3553(a) factors.  *Irey*, 612 F.3d at 1190; *Thomas*, 446 F.3d at 1351.  His sentence is well below the 30-year statutory maximum penalty.  *See* 18 U.S.C. § 2252(a)(2), (b)(1); 26 U.S.C. §§ 5861, 5871; *Gonzalez*, 550 F.3d at 1324.  In recognition of Britt's prior lengthy military

10

service, the district judge also granted a substantial downward variance of 72 months below Britt's Guidelines imprisonment range, which is another indication of the reasonableness of his sentence. *See Tobin*, 676 F.3d at 1310. The district judge noted Britt's sentence met the § 3553(a) goals, particularly the need for deterrence and punishment, while accounting for the positive factors in Britt's background. *See* 18 U.S.C. § 3553(a); *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

Britt asserts the district judge based his sentence on an erroneous finding that he sexually had abused many more than two boys. This argument is misplaced. In the context of the sentencing-hearing discussion cited by Britt for this proposition, it is evident the judge was expressing his belief that Britt likely had engaged in "a lot more than two" instances of misconduct, and not that Britt had abused many more than two boys. *See* ROA at 367-68. Additionally, the judge immediately added, "but I don't know that," which shows the judge did not make that finding or base Britt's sentence on it. *See* ROA at 368. Britt has cited no binding precedent to support his argument, raised for the first time on appeal, that the child pornography Guidelines are entitled to less deference because they are not based on empirical data. *Cf. United States v. Pugh*, 515 F.3d 1179, 1201 n.15 (11th Cir. 2008) (noting the child-pornography Guidelines did not suffer from the same deficiencies as the crack-cocaine Guidelines, which did not take account

11

of empirical data and national experience).  Britt has failed to show his imprisonment sentence is incorrect.

**AFFIRMED.**